UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, <br> *a/k/a Patricia Patterson,* <br>       Plaintiff, <br> vs. <br> The South Carolina Worker's Compensation Commission, <br>       Defendant. | ) C/A No. 0:10-2968-MBS-BM <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

  Plaintiff, Patricia T. Patterson (Plaintiff), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1985(3).[1] Plaintiff names one Defendant, the South

---

[1] Section 1985(3) provides:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

  Section 1985(3) historically was intended to encompass only those conspiracies moti-vated by animus against the kind of classes of individuals Congress was trying to protect when it enacted the Civil Rights Act, namely, those classes of individuals discriminated against based upon race, color, or national origin. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (find-ing that "there



Carolina Worker's Compensation Commission (Defendant), an agency of the State of South Carolina, which is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985(3), and 1986, and

---

must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985).

In *Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995), the Fourth Circuit observed that:

The law is well settled that to establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons*, 47 F.3d at 1376 (citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985)). Mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985. *Id.* at 1377. Section 1985(3) also requires that a conspiracy must be entered into by "persons." *Boling v. National Zinc Co.*, 435 F. Supp. 18, 22 (N.D.Ok. 1976). The analysis of the word "person" is the same under § 1983 and § 1985. *Dorsett v. N.J. State Police*, C/A. No. 04-CV-5652 (WJM), 2007 U.S. Dist. LEXIS 10512 at *9 (D.N.J. 2007). The United States Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993)(declining to extend the class of individuals covered under §1985 to women seeking an abortion). However, the Fourth Circuit has determined that §1985 extends to religious discrimination as well. *See Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination).

Section 1986 provides:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.



which is immune, under the Eleventh Amendment to the United States Constitution, from suits in federal court which seek damages against it.  Here, Plaintiff seeks $8.25 million in damages.  The case is presently before the undersigned United States Magistrate Judge for pre-service review.  *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).  The Complaint should be dismissed because it fails to state a claim upon which relief may be granted and seeks monetary relief against a defendant who is immune from such relief.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i), (ii), (iii).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  Further, the Court may dismiss a claim as

3



"factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31.

This Court is also required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff's original Complaint, filed on November 15, 2010, listed only "The South Carolina Worker's Compensation Commission" in the caption (ECF No. 1, p. 1), on Plaintiff's Civil Cover Sheet (ECF No. 2), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3). However, page two (2) of Plaintiff's original Complaint, under the heading "II. Parties, B. Name of Defendant, C. Additional Defendants," listed "Lisha Booth, Dana Stogner, Lancaster County Court of Common Pleas." ECF No. 1, p. 2-3. On December 7, 2010, Plaintiff filed a letter in this case, addressed to the Deputy Clerk of Court, stating:

> As captioned above, this claim was filed against South Carolina Worker's Compensation Commission. Yet, case analysis has also asserted Lisha Booth, Dana Stogner, and Lancaster County Court of Common Pleas with the Defendant. At your earliest convenience, would you please abstract Lisha Booth, Dana Stogner, and Lancaster County Court of Common Pleas from this case?

ECF No. 5.



Plaintiff's request was construed as a motion to amend her complaint, and under Federal Rule of Civil Procedure 15(a) "Amendments Before Trial," a party may amend its pleading once as a matter of course within twenty-one (21) days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* F. R. Civ. P. 15(a)(1). Under F. R. Civ. P. 15(a)(2): "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Fourth Circuit has held that, under Rule 15(a), leave to amend a complaint should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Steinberg v. Chesterfield Cnty. Planning Comm'n.*, 527 F.3d 377, 391 (4th Cir. 2008). Because service of process had not yet been authorized, Plaintiff's Complaint was amended and Lisha Booth, Dana Stogner, and the Lancaster County Court of Common Pleas were terminated as Defendants in this case on December 8, 2010.[2]

On January 7, 2011, Plaintiff filed a "Motion to Supplement Pleadings," ECF No. 7. Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve

---

[2] This Court has previously summarily dismissed a case brought by Plaintiff against these two individuals, and Plaintiff has voluntarily dismissed another case against their employer, the Lancaster County [South Carolina Sixth Judicial Circuit] Court of Common Pleas, after the undersigned United States Magistrate Judge recommended that this Court summarily dismiss the case. *See* Opinion and Order, *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C. Nov. 22, 2010) ECF No. 14; Report and Recommendations; Plaintiff's Notice of Voluntary Dismissal, *Patterson v. Lancaster County Court of Common Pleas*, 0:10-3099-MBS-BM (D.S.C. Dec. 17, 2010, Jan. 3, 2011) ECF Nos. 9, 12. In the previous case, No. 10-2456, the Court determined that Stogner and Booth acted within the scope of their official duties and were entitled to quasi-judicial immunity from suit, and summarily dismissed Plaintiff's claims against them, without prejudice and without issuance and service of process.

5



a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* Plaintiff's "Supplemental Verified Civil Rights Complaint" seeks not to set out an event that occurred after Plaintiff's November 15, 2010 filing of her original Complaint, but to add an additional basis for the claims made in the Amended Complaint. Plaintiff's "Motion to Supplement Pleadings" states:

> A Verified Civil Rights Complaint was filed November 12, 2010 Pursuant to Title 42 U.S. Code § 1985(3) for conspiracy to commit fraud, bribery, racial/pro se discrimination, and conflict-of-interest. However, she realized Title 42 U.S. Code § 1985(3) was inappropriate, because Defendant is liable for tortfeasor's tortuous damages caused by conspiracy, obstruction of justice, bribery, racial/pro se discrimination, and conflict-of-interest. For liability, Title 42 U.S. Code § 1985 has been eliminated and replaced with Vicarious Liability Tort. Plaintiff hereby preys upon the Court to accept this Supplemental Pleadings/Coversheet to preserve Complaint and Due Process.
>
> . . .
>
> In Ex-Parte Communication request, this Supplemental Verified Civil Rights Complaint is brought with Vicarious Liability Tort (agency law) under Article III, § 2. Established under Vicarious Liability Tort (agency law), Defendant is liable for Commissioners, Alan Bass, Bryan Lyndon, Derrick Williams, Susan Barden, George Funderburk, David Huffstetler, legal Representative Erroll Hodges' acts, prohibited under Title 42 U.S. Code § 1985(3) with conspiracy to commit fraud, racial/pro se discrimination, conflict-of-interest, bribery, obstruction of justice, in deprivation of Substantial Due Process, privileges guaranteed under SC WCC Act and U.S. Constitution.

ECF No. 5, p. 1-2.

As such, Rule 15(c) is inapplicable and Plaintiff's motion to supplement her pleadings should be construed as a motion to amend her Complaint.

Plaintiff has already amended her Complaint once, thus she may not do so again without the opposing party's consent or the court's leave. In any event, although service of process has not yet been authorized, Plaintiff's second motion to amend her Complaint (ECF No. 7) is


**denied** because the motion is futile. Vicarious liability is a tort law doctrine that places on one person, without any wrongful act on his part, responsibility for the tort of another. Vicarious liability has also been described as a form of strict, secondary liability that arises under the common law doctrine of agency - *respondeat superior* - the responsibility of the superior for the acts of the subordinate, or, in a broader sense, the responsibility of any third party that had the "right, ability or duty to control" the activities of a violator. The following areas are those in which this theory of responsibility is typically imposed: employer- employee; principal - agent; joint enterprise; and family purpose doctrine. *See* F.P. HUBBAR & R.L. FELIX, THE SOUTH CAROLINA LAW OF TORTS (3rd Ed. 2004); R.C. McCULLOUGH, II & G.M. FINKEL, A GUIDE TO SOUTH CAROLINA TORTS II (1st Ed. 1986). Vicarious liability in tort is a method of allocating liability. It is not a proper cause of action for this case. Therefore, it would be futile for Plaintiff to amend her Complaint a second time to assert such a theory of liability here.

## DISCUSSION

As a threshold matter, Plaintiff's Amended Complaint against Defendant, "asserted pursuant to Title 42 U.S. Code § 1985(3), with conspiracy to commit fraud, discrimination, conflict-of-interest, and bribery, in deprivation of Substantial Due Process, privileges guaranteed under SC WCC Act and U.S. Constitution" (ECF No. 1, p. 4), is barred because, as noted above, a plausible cause of action for "conspiracy to deny equal protection of laws" under § 1985(3) requires, initially, that a plaintiff must show "a conspiracy of two or more persons." *See Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995); *Boling v. National Zinc Co.*, 435 F. Supp. 18, 22 (N.D.Ok. 1976). The analysis of the word "person" is the same under § 1983 and § 1985. *Dorsett v. N.J. State Police*, C/A. No. 04-CV-5652 (WJM), 2007 U.S. Dist. LEXIS 10512 at *9 (D.N.J. 2007). In *Will v. Mich.*



*Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974)(when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity). State officials sued in their official capacities "assume the identity of the government that employs them," and, thus, are not "persons" under the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Defendant is a state agency, created by the South Carolina Legislature. *See* S.C. Code § 42-3-10: "There is created the South Carolina Worker's Compensation Commission, herein referred to as the Commission, composed of a judicial and administrative department and constituted and administered as provided for in this title." Therefore, the Defendant is a not a "person" under 42 U.S.C. § 1983, et seq. Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Rather, a Plaintiff must identify, and name as defendant(s), the person(s) who purportedly violated his or her rights. *See Barnes v. Baskerville Corr. Ctr. Med. Staff,* Civil Action No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 at * 2 (E.D. Va. June 25, 2008), *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000).

Moreover, the Eleventh Amendment to the United States Constitution bars suits for damages and retrospective relief against a state or its subdivisions under § 1983. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. at 663. The Eleventh Amendment divests this Court of jurisdiction to entertain suits against the State of South Carolina and its integral



parts, which are brought by citizens of South Carolina or citizens of another state, based on the following provision:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)(reaffirming *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)(holding that a citizen could not sue a state in federal court without the state's consent); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. at 61-71; *Edelman v. Jordan*, 415 U.S. at 663 (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants")(quoting *Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945)); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court.



Section 15-78-20(e) of the South Carolina Code of Laws, is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Thus, Plaintiff's Amended Complaint is subject to summary dismissal based both on Defendant's lack of "personhood" and on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts; *see Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982)(state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Mt. Healthy City Board of Ed. V. Doyle,* 429 U.S. 274, 280 (1977)(same); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987)(same); as Plaintiff's Amended Complaint fails to state a claim for which this Court may grant relief against the Defendant, and seeks monetary relief against a Defendant which has immunity from suits seeking such relief in this Court.

Finally, it is noted that Plaintiff has previously filed numerous lawsuits in this Court against numerous entities and individuals seeking, in essence, to overturn the Defendant's denial of Plaintiff's claim for an award of permanent disability, which was upheld on appeal by South



Carolina's Sixth Judicial Circuit Court of Common Pleas.³ As such, this Court's consideration of the merits of Plaintiff's allegations is additionally barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts may not review state-court decisions, except in habeas corpus actions. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). This includes decisions made by a state's highest court as well as decisions made by lower state courts. *Shooting Point*, 368 F.3d at 379 (citing *Jordahl*, 122 F.3d at 199). The *Rooker-Feldman* jurisdictional bar "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Shooting Point*, 368 F.3d at 383 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court

---

³ The Court takes judicial notice of Plaintiff's prior proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). This case is one of eleven lawsuits that Plaintiff has filed arising out of the denial of her South Carolina Worker's Compensation claim and her unsuccessful appeal of that denial in South Carolina's Sixth Circuit Court of Common Pleas. While attempting to assert different causes of action against different defendants, the lawsuits have all concerned the same basic operative facts and involved claims which arose out of - and are "inextricably intertwined" - with the issues that were ruled upon by the state commission and the state court. *See Patterson v. Goldsmith*, 0:11-475-MBS-BM (D.S.C.) pending; *Patterson v. Lancaster County Court of Common Pleas*, 0:10-3099-MBS-BM (D.S.C.) voluntarily dismissed by Plaintiff; *Patterson v. Goudelock et al*, 3:10-3019-MBS-BM (D.S.C.) summary dismissal recommended by Report and Recommendations filed on Dec. 16, 2010; *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C.) summarily dismissed; *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C.) summarily dismissed; *Patterson v. Funderburk et al*, 0:676-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Barber et al*, 0:10-25-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Shearous*, 0:09-2829-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Benson et al*, 0:09-2478-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Richstad*, 0:09-2051-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal.

11



judgment was erroneously entered or must take action that would render the judgment ineffectual. . . ." *Jordahl*, 122 F.3d at 202. The undersigned United States Magistrate Judge finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, in the instant case, for the same reasons that the Court summarily dismissed Plaintiff's claims in *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C.) and *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C.)., *i.e.* they are "inextricably intertwined" with questions ruled upon by a state court. Thus, any decision on the merits of Plaintiff's claims would require this Court to find that decisions issued by the state court were improperly entered. *See Dye v. Hatfield, No.* Civ.1:03CV01077, 2004 U.S. Dist. LEXIS 27833 at *17-20 (M.D.N.C. Aug. 26, 2004)(finding that plaintiffs' civil rights claims based upon an alleged conspiracy among "virtually everyone involved with the North Carolina state court system" were barred by the *Rooker-Feldman* doctrine because a ruling in favor of plaintiffs would "necessarily require the court to find that a state court wrongly decided certain issues" or "improperly entered orders and judgments" against the plaintiffs); *Newman v. Alexander*, 2003 U.S. Dist. LEXIS 5180 at *13, 2003 (W.D. Va. 2003) (finding that *Rooker-Feldman* doctrine barred the court from hearing claims made by a plaintiff seeking to attack her criminal conviction by accusing judicial officers of conspiring against her because such claims seek a determination that state court decisions were wrong). The *Rooker-Feldman* doctrine prevents Plaintiff, who lost her worker's compensation appeal in state court, "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000)(quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994)).



## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss Plaintiff's Amended Complaint (ECF Nos. 1 and 5) in the above-captioned case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

