IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>The South Carolina Workers' )<br>Compensation Commission, )<br>)<br>Defendant. )<br>_____) | C/A No. 3:10-2968-MBS<br><br><br><br>**O R D E R** |

Plaintiff Patricia T. Patterson was denied benefits under the South Carolina Workers' Compensation Act, S.C. Code Ann. §§ 42-1-10 et seq. Plaintiff, proceeding pro se and in forma pauperis, brings this action against Defendant The South Carolina Workers' Compensation Commission. Plaintiff contends that Defendant conspired to commit fraud, bribery, racial/pro se discrimination, and conflict of interest. Plaintiff brought this action pursuant to 42 U.S.C. § 1985(3).[1] On January 7, 2011, Plaintiff filed a second motion to amend her complaint to allege "Vicarious Liability Tort."

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On March 8, 2011, the Magistrate Judge filed a Report and Recommendation in which he recommended that Plaintiff's complaint be summarily dismissed because Defendant, an agency of the State of South Carolina, is

---

[1] 42 U.S.C. § 1985(3) makes it unlawful, among other things, for two or more persons to conspire to deprive any person of the equal protection of the laws, or of the equal privileges and immunities under the laws. 42 U.S.C. § 1986 makes it unlawful for a person to neglect to prevent or aid in preventing the commission of wrongs conspired to be done under § 1985.

not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985(3), and 1986, and because Defendant is entitled to Eleventh Amendment immunity. The Magistrate Judge also noted that it appeared Plaintiff is challenging decisions made by a state court judge, and that the court is without jurisdiction to consider an appeal from a state court decision. See 28 U.S.C. § 1257; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) (setting forth Rooker-Feldman doctrine). The Magistrate Judge denied Plaintiff's second motion to amend as futile. Plaintiff filed objections to the Report and Recommendation on March 21, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In her objections, Plaintiff essentially reiterates the allegations of her complaint and disputes the Magistrate Judge's determination that her claims against Defendant are not cognizable. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has thoroughly reviewed the record and Report and Recommendation. The court concurs in the Magistrate Judge's determination that Defendant is not a "person" for purposes of § 1985(3), and that Defendant is immune under the Eleventh Amendment. Further, the court finds that the Magistrate Judge's decision to deny Plaintiff's motion to amend is neither clearly erroneous nor

contrary to law. See 28 U.S.C. § 636(b)(1)(A). The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons set forth herein and in the Report and Recommendation, Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 27, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**